FILED & JUDGMENT ENTERED
Steven T. Salata

Nov 02 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### WILKESBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **CRAIG LYON** | ) | Case No. 11-50343 |
| **LENNIE NICHOLE LYON,** | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |

### ORDER ON DEBTORS' OBJECTIONS TO CLAIMS

**THIS MATTER** comes before the Court on the Debtors' objections to various claims. For the reasons stated below, the Court determines that the claims of Carolinas Medical Center, Fifth Third Bank, American InfoSource, Discover Bank, and FIA Card Services represent individual debts, while the claims of State Farm Bank and First Citizens Bank are joint obligations of both Debtors.

### BACKGROUND

The Debtors, Craig and Lennie Lyon, filed a joint Chapter 7 Voluntary Petition on March 21, 2011. With the exception of their residence, Schedule C ("Property Claimed As Exempt") does not disclose any assets of the Debtors' estate that are available for distribution to creditors. The Debtors claimed an exemption in their residence, owned jointly as a tenancy by the entirety, under 11 U.S.C. § 522(b)(3)(B). Section 522(b)(3)(B) allows debtors to exempt property owned tenancy by the entirety "to the extent that such interest . . . is exempt from process under

applicable nonbankruptcy law." Under North Carolina's applicable nonbankruptcy law, property owned tenancy by the entirety is not subject to claims against individual spouses, but is subject to debts incurred jointly by the married couple. *See* N.C. GEN. STAT. § 39-13.6; *In re Banks*, 22 B.R. 891, 892 (Bankr. W.D.N.C. 1982); *Grabenhofer v. Garrett*, 131 S.E.2d 675, 677 (N.C. 1963). Therefore, there is some equity in the Debtors' house available for joint creditors, but the equity is exempt from the claims of individual creditors of either spouse.

The Trustee appointed in this case, Barrett Crawford, filed a Notice of Possible Dividends, and various unsecured creditors responded by filing a total of seven proofs of claims. The Debtors objected to each unsecured claim, asserting that each represented an individual debt that could not reach the equity in their home. With the exception of one subsequently withdrawn response, none of the creditors responded. However, the Trustee filed a Response to Debtors' Objections to Claims asserting that, based on his analysis of the filed proofs of claims, the claims of Carolinas Medical Center, State Farm Bank, and First Citizens Bank were joint debts of the Debtors. The Trustee also argued that the Chapter 7 Debtors lacked standing to object to these claims.

The Trustee and the Debtors' attorney appeared at a hearing in Wilkesboro on September 9, 2011. At the Court's request, the parties subsequently submitted written memorandums outlining their respective arguments.

## DISCUSSION

### *Standing*

Analysis of the claims at issue here begins with the standing question. Debtors generally do not have standing to object to particular claims against their Chapter 7 bankruptcy estate because they usually lack a pecuniary interest, *Willemain v. Kivitz*, 764 F.2d 1019, 1022 (4th Cir. 1985); 4 COLLIER ON BANKRUPTCY ¶ 502.02[2][c] (16th ed. 2010), and are not "parties in interest" pursuant to 11 U.S.C. § 502(a). In other words, when the question is whether the assets of a debtor's estate will go to creditor A or creditor B (or both), the debtor is not a party in interest because, in any event, the assets will go to the creditor(s) and not back to the debtor. However, in certain situations a debtor can be a party in interest with standing to object to particular claims. The paradigmatic situation where a debtor has standing to object to claims occurs when the estate includes a surplus that will be returned to the debtor if a claim is not

2

allowed. *See EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 626–27 (2nd Cir. 2007); 4 COLLIER ON BANKRUPTCY ¶ 502.02[2][c].

Courts have found debtors to have pecuniary interests in other similar situations. *See, e.g., In re Hutchinson*, 5 F.3d 750, 756 (4th Cir. 1993) (debtors' ownership of dairy farm sold during bankruptcy makes them parties in interest); *Mulligan v. Sobiech*, 131 B.R. 917, 920 (S.D.N.Y. 1991) (debtor has standing to object to claim on dischargeable debt when disallowance would result in larger payment on non-dischargeable debt); *In re Byrd*, 2011 WL 589907, at *5 n.6 (Bankr. D. Md. Feb. 10, 2011) (debtor denied a discharge has standing). *But see In re Adams*, 424 B.R. 434, 435–37 (Bankr. N.D. Ill. 2010) (rejecting standing in a situation similar to *Mulligan*).

While the dispute between the Lyons and the Trustee is not exactly a surplus situation, the Debtors do have a pecuniary interest at issue. If the creditors' claims are determined to be individual obligations, the Debtors' residence is exempt. *Sumy v. Schlossberg*, 777 F.2d 921, 924–25 (4th Cir. 1985). However, the Debtors' residence will be subject to any joint claims and would be subject to sale to satisfy these joint obligations. *Id.* at 923–25. Where the determination of a claim can result in the inclusion of a debtor's otherwise exempt property in the bankruptcy estate, and potentially with the sale of the debtor's residence, the debtor has a pecuniary interest and standing to object to the claim. *Cf. Matter of DuPage Boiler Works, Inc.*, 965 F.2d 296, 297 (7th Cir. 1992) ("A 'person aggrieved' by a bankruptcy order must demonstrate that the order diminishes the person's property, increases the person's burdens, or impairs the person's rights.").

The issue of a trustee's standing to defend particular claims on behalf of non-responsive creditors is more problematic. As the "representative of the estate," 11 U.S.C. § 323, the trustee generally represents the entire body of creditors. *In re Padget*, 119 B.R. 793, 798 (Bankr. D. Colo. 1990). But there is a difference between advocating on behalf of the entire creditor body and defending individual claims. *See In re Leavell*, 141 B.R. 393, 400 (Bankr. S.D. Ill. 1992) ("[A] Chapter 7 trustee has an adversarial relationship with individuals filing claims in an insufficient manner and cannot be said to be a fiduciary of such persons."); *Padget*, 119 B.R. at 798 ("[A] trustee should not, and is not charged with the obligation to, examine a claim with a purpose and view to increasing the claim or improving a claimant's status over that asserted by other creditors. It is not a trustee's duty to protect individual creditors against the consequences of failing to file a claim, filing a late claim, filing an insufficient claim, or failing to properly

3

assert a deficiency claim."). In fact, section 704 of title 11 ("Duties of trustee") gives trustees the duty to oppose insufficient claims rather than attempt to rehabilitate them. 11 U.S.C. § 704 ("The trustee shall . . . examine proofs of claims and object to the allowance of any claim that is improper."). There is also a practical problem with a trustee attempting to rehabilitate a deficient claim, as shown by the Trustee's arguments in this case—if the creditor whose claim is at issue does not care enough about it to participate in the determination process, all a trustee can do is argue the law in the manner most appropriate to allowing the claim. The trustee is not privy to additional factual information that may strengthen the claim.

In this case the Court does not believe the Trustee has standing to assert these creditor claims. However, even if the Trustee does have standing, his arguments are not determinative of any of the claims at issue, as discussed below.

### *Claim of Carolinas Medical Center*

Carolinas Medical Center ("CMC") filed claim no. 2 in the amount of $532.84. The proof of claim form is accompanied by a one-page attachment that appears to be a "screenshot" of a computer screen. The attachment includes the female Debtor's name in a box labeled "patient name." The Debtors claim that this debt was the result of medical services provided to the female Debtor, and the male Debtor was not a party to the medical services contract, so the debt only belongs to the female Debtor. However, as the Trustee points out, in North Carolina both spouses can be responsible for the necessary medical expenses of one spouse under the common law "doctrine of necessaries." *N.C. Baptist Hosps., Inc. v. Harris*, 354 S.E.2d 471, 472 (N.C. 1987); *Moses H. Cone Mem'l Hosp. Operating Corp. v. Hawley*, 672 S.E.2d 742, 743 (N.C. App. 2009).

There are four requirements for a medical services doctrine of necessities claim: the medical services must be (1) provided to a patient, (2) necessary to the patient's health and well-being, (3) provided during the marriage of the patient and his/her spouse, and (4) not previously satisfied by payment. *Hawley*, 672 S.E.2d at 744. As the Debtors point out, the CMC attachment only establishes the first and fourth of these elements. There is no showing that the Debtors were married at the time the female Debtor incurred the debt or that the medical services provided were necessary for the female Debtor's well-being. While the Trustee's assertion that "there is nothing in the record which would indicate that Mr. Lyon would not be responsible for this obligation" may be true, there is also nothing in the record that indicates conclusively that the male Debtor is responsible. Since CMC did not make a doctrine of necessities claim on its

4

own behalf (and its proof of claim does not establish the applicability of the doctrine), the Court will treat this claim as an individual debt of the female Debtor.

### *Claim of State Farm Bank*

State Farm Bank filed claim no. 3 in the amount of $2025.10. State Farm attached a copy of the statement for the account for the period of February 23–March 22, 2011. The statement bears the names of both Debtors. The Debtors contend that only the female Debtor signed an online application and used the account. However, the Debtors' own petition rebuts their argument, as they scheduled the State Farm debt as joint. *See* Voluntary Petition Under Chapter 7, docket no. 1. The Debtors have not attempted to amend their characterization of this debt. Since the contents of a debtor's schedules are binding on the debtor as judicial admissions, *see, e.g., Larson v. Groos Bank, N.A.*, 204 B.R. 500, 502 (W.D. Tex. 1996); *In re Renegade Holdings, Inc.*, 2011 WL 3962284, at *2 (Bankr. M.D.N.C. July 20, 2011), the Court treats the State Farm debt as a joint obligation of both Debtors.

### *Claim of First Citizens Bank*

First Citizens Bank filed claim no. 6 in the amount of $1517.60. After initially objecting to the claim and arguing that it did not represent a joint debt, the Debtors now concede that it does. Accordingly, the Court finds that the First Citizens claim represents a joint debt.

### *Claims of Fifth Third Bank, American InfoSource, Discover Bank, and FIA Card Services*

None of the creditors who filed claims nos. 4, 5, 7, or 8 responded to the Debtors' objections (with the exception of Discover Bank regarding claim no. 7, but Discover subsequently withdrew the response). The Trustee did not argue that these debts were joint obligations. The Court finds they are not.

**CONCLUSION**

The only nonexempt asset in the Debtors' bankruptcy estate is the equity in their residence. Since the Debtors own the residence as a tenancy by the entireties, the equity is exempt to individual creditors of either Debtor and only subject to the claims of joint creditors. The Court determines that the only allowed joint unsecured claims against the Debtors are the claims of State Farm Bank and First Citizens Bank. When given the option by the Court, the Debtors indicated that they preferred to reaffirm any debts found to be joint rather than have the

5

claims administered by the Trustee.  *See Sumy*, 777 F.2d at 931 & n.25 (allowing the trustee to sell the tenancy by the entireties property in question, but also discussing other permissible options including payment of the joint debt and reaffirmation).  Given the relatively small amount of joint debt at issue, the Court agrees that excluding the debts from discharge and allowing the Debtors to pay them outside of bankruptcy is preferable to the Trustee's administration and a potential sale of the Debtors' residence.  Accordingly, the Debtors' objections to the claims of Carolinas Medical Center, Fifth Third Bank, American InfoSource, Discover Bank, and FIA Card Services are **SUSTAINED**, the Debtors' objections to the claims of State Farm Bank and First Citizens Bank are **OVERRULED**, and the debts represented by the claims of State Farm Bank and First Citizens Bank are **EXCEPTED** from the Debtors' discharge by consent of the Debtors.

    **SO ORDERED**.

**This Order has been signed electronically.**        **United States Bankruptcy Court**
**The Judge's signature and Court's seal**
**appear at the top of the Order.**